WENDY V. WIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wight v. Commissioner
Docket No. 16729-90
United States Tax Court
T.C. Memo 1991-343; 1991 Tax Ct. Memo LEXIS 398; 62 T.C.M. (CCH) 247; T.C.M. (RIA) 91343; July 29, 1991, Filed *398 An appropriate order and decision will be entered. Wendy V. Wight, pro se. John A. Weeda, for the respondent. DAWSON, Judge. PAJAK, Special Trial Judge. DAWSON; PAJAK
MEMORANDUM OPINION This case was assigned to Special Trial Judge John J. Pajak pursuant to the provisions of section 7443A(b) and Rule 180 et seq. (All section numbers refer to the Internal Revenue Code in effect for the taxable years in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure.) The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: This case is before the Court on respondent's Motion For Default or Dismissal Under Rule 123 and respondent's Motion for Damages (a penalty) under section 6673. In view of our action below on the first motion, respondent's oral Motion for Summary Judgment is deemed moot. Respondent determined deficiencies and additions to petitioner's Federal income tax as follows: Additions to Tax under
Year
Deficiency
Sec.
Sec. 6653(a)(1)
Sec.6653(a)(2)
Sec.
6651(a)
and for
and for
6654(a)
1986 - Sec.
1986 - Sec.
6653(a)(1)(A)
6653(a)(1)(B)
1983
$   510.00
$   127.50
$ 25.50
*
$  31.21
1984
2,325.00
581.25
116.25
*
146.00
1985
4,870.00
1,217.00
243.50
*
279.00
1986
8,553.00
2,138.25
427.65
*
413.00
*399 Respondent made determinations, based upon Forms W-2, Forms 1099, and other information available, that petitioner failed to report wages and other compensation as income on Federal income tax returns for the years in issue. Petitioner disputes respondent's determinations on the following grounds: "Petitioner does not have 'earned income' as determined and published by the Commissioner. All penalties are asserted under Tax Class 6, excise tax. Petitioner did not have excise tax income. Petitioner is not a Back-up withholding agent." Respondent confirmed every item of income reported to the Internal Revenue Service with petitioner's former employers and sources of non-employee compensation. During a stipulation conference with respondent, petitioner admitted that she had worked for the entities which issued the Forms W-2 and Forms 1099. Respondent also suggested that petitioner assemble records to support any *400 deductions or credits to which she might be entitled. Respondent warned petitioner of the possible consequences under section 6673 if she persisted in her frivolous arguments and provided her with a copy of section 6673. Petitioner refused to stipulate to any facts as required under Rule 91. When the case was called, we had a bench conference. As we stated on the record: "During a bench conference the Court tried to explain to the Petitioner that she was not helping herself by raising frivolous arguments that had been repeatedly rejected by this and other courts." Nevertheless, petitioner did not put on a case but merely filed a statement of what respondent characterized as tax protestor gibberish, which included out-of-context copies of paragraphs from the Internal Revenue Manual and the Code of Federal Regulations. We cannot improve on respondent's characterization. The short answer to petitioner's assertions that she does not have earned income is that petitioner is not exempt from Federal income tax. . In her petition and her memorandum, petitioner makes tax protestor arguments that have been repeatedly *401 rejected by this Court and others as inapplicable or without merit. See, e.g., ; , affd. . We see no need to repeat these discussions here. We agree with respondent that petitioner has failed to prosecute properly her case and has failed to comply with the Rules of this Court. Accordingly, respondent's Motion for Default or Dismissal Under Rule 123 will be granted, and decision will be entered for the amounts determined in the notices of deficiency for the years 1983, 1984, 1985, and 1986. We next consider respondent's motion for a penalty under section 6673. Section 6673(a)(1), as amended by section 7731(a) of the Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, 103 Stat. 2106, 2400 (applicable to positions taken after December 31, 1989, in proceedings pending on or commenced after such date), provides that: Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding *402 is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 5,000. An appropriate order and decision will be entered. Footnotes
*. 50 percent of the interest due on the deficiency which is an underpayment of tax due to negligence.↩